UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KELLY P.,[1]

Plaintiff, Case # 24-CV-0200-FPG

v. DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**INTRODUCTION**

Plaintiff Kelly P. brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 16. For the reasons below, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

**BACKGROUND**

In August 2021, Plaintiff applied for SSI benefits with the Social Security Administration ("the SSA"), alleging disability beginning August 20, 2020. Tr.[2] 10. The claim was initially denied on January 7, 2022, and upon reconsideration on May 27, 2022. *Id.* Thereafter, she filed a written request for a hearing. *Id.* The hearing was held on December 2, 2022 before Administrative Law

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

Judge Paul Georger ("the ALJ"). *Id.* The ALJ then issued a decision in March 2023 finding that Plaintiff was not disabled. Tr. 10-20. Plaintiff requested review by the Appeals Council, but the request was denied in January 2024. Tr. 1. This action seeks review of the Commissioner's final decision. ECF No. 1.

**LEGAL STANDARD**

**I. District Court Review**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II. Disability Determination**

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. *Id.* If not, the ALJ

proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." *Id.* If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 23, 2021, the application date. Tr. 12. At step two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine with lumbar spondylosis and radiculopathy, right knee fracture status-post open reduction internal fixation ("ORIF") repair surgery, left ankle fracture, obesity, asthma, and post-concussion syndrome. *Id*. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled one of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4. Tr. 14.

Next, the ALJ found that Plaintiff had the RFC to perform light work except that she can climb ramps and stairs frequently, climb ladders, ropes, or scaffolds occasionally, balance frequently, stoop frequently, kneel occasionally, crouch frequently, crawl frequently; can do simple routine repetitive tasks; can never work in humidity and wetness, never in dust, odors, fumes or pulmonary irritants; never in extreme cold or extreme heat; needs a sit/stand option where she can change positions every 30 minutes with a transition which would take about five minutes but would remain on task during the transition period. Tr. 15-17. At step four, the ALJ determined that Plaintiff had no past relevant work. Tr. 18. At step five, the ALJ found that, given her age, education, work experience (or lack thereof), and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. Tr. 18-19. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 19-20.

## II. Analysis

Plaintiff challenges the Commissioner's decision that Plaintiff was not disabled for two reasons. ECF No. 9-1 at 1. First, Plaintiff argues that the RFC is not supported by substantial evidence because (1) the ALJ crafted an arbitrary sit/stand option without support from the record, *id.* at 27-29; and (2) the ALJ improperly rejected Dr. Nguyen's opinion and instead relied upon cherry-picked evidence to reject the opinion, *id.* at 29-39. The Court discusses each of the Plaintiff's arguments below.

### a. Sit/Stand Argument

First, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ crafted an arbitrary sit/stand option without support from the record. *Id.* at 27. Plaintiff specifically points to the ALJ's RFC limitation finding that Plaintiff would require a sit/stand option where she could change positions every 30 minutes, with a transition that would take about five minutes during which Plaintiff would remain on task. *Id.*; *see also* Tr. 15. As to the sit/stand option, Plaintiff points to no medical source that opined that she required an off-task limitation or absence in her RFC, aside from Dr. Nguyen, whose opinion the ALJ found "inconsistent." ECF No. 9-11 at 27-29. Further, while Plaintiff argues that the ALJ did not explain how he reached his conclusion, the ALJ explicitly explained that he credited Plaintiff's testimony, despite it being inconsistent, where he writes, "These considerations have been taken into account in reaching the conclusions herein." Tr. 17. For example, the ALJ acknowledges that Plaintiff wrote that both of her legs were broken in 2020, she was not able to walk or stand, she had chronic knee pain and hardware in her left leg, ligament reconstruction surgery, and a slipped disc. Tr. 15. The ALJ also acknowledged Plaintiff's testimony, in which she discussed back pain, right knee pain, and pain with walking, sitting, and standing. *Id.* Plaintiff explained that she was able to walk up to thirty

minutes at a time, drive, clean, do dishes, care for her children, had returned to school, and was ready to graduate college, where she had enrolled on a full-time basis, and where she majored in "administrative medical assisting." *Id.* As such, Plaintiff is essentially arguing that the ALJ erred by accepting portions of her testimony regarding her limitations, which were not covered in a medical source opinion. Remand is not warranted on such a basis. *See Hamilton v. Comm'r of Soc. Sec.*, No. 19-CV-770, 2020 WL 5544557, at *6 (W.D.N.Y. Sept. 16, 2020) ("[The plaintiff] essentially argues that the ALJ was wrong to accept portions of her testimony regarding her limitations, which were not covered in a medical source opinion. But this does not constitute reversible error."); *Anissha W. v. Comm'r of Soc. Sec.*, 23-CV-6019, 2024 WL 123521, at *4 (W.D.N.Y. Jan. 11, 2024) (holding that remand was not warranted where the ALJ based a plaintiff's off-task limitation on the plaintiff's testimony).

**b. Dr. Nguyen's Opinion/ Cherry-Picking Argument**

Plaintiff next argues that the ALJ improperly rejected Dr. Nguyen's opinion in that the ALJ (1) did not properly consider the consistency factor in evaluating Dr. Nguyen's opinion; and (2) cherry-picked the record. ECF No. 9-1 at 29-39.

As to Plaintiff's first argument, Plaintiff claims that the RFC was not supported by substantial evidence because the ALJ did not properly consider the consistency factor in evaluating Dr. Nguyen's opinion. *Id.* at 29. Here, the ALJ determined that Dr. Nguyen's opinion was not persuasive because it was "internally inconsistent," and was not supported by the evidence of record, including Dr. Nguyen's very own treatment notes, which had shown normal physical examinations. Tr. 17. "[A]n ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits [the Court] to glean the rationale of an ALJ's decision." *Villier on behalf of N.D.D.R. v. Comm'r of Soc. Sec.*, No. 23-893-CV, 2024 WL 2174236, at *3

(2d Cir. May 15, 2024) (citing *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (per curiam) (internal quotation marks and citation omitted) (rejecting the argument that the ALJ needs to explicitly discuss the consistency of each medical opinion with other opinions). Here, the ALJ created a record that allowed the Court to understand his rationale in rejecting Dr. Nguyen's opinion as not persuasive by explaining that it was internally consistent and not supported by the record and Dr. Nguyen's treatment notes. Tr. 17. The mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle him to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). If an ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). Thus, remand is not warranted because the ALJ sufficiently allowed the Court to glean the ALJ's rationale as to why he found Dr. Nguyen's opinion to be inconsistent with the record. *See* Tr. 17.

As to Plaintiff's second argument, Plaintiff claims that the ALJ "cherry-picked a handful of records showing [Plaintiff's] normal physical examinations and ignored the countless chiropractic records." ECF No. 9-1 at 34. Cherry-picking can be defined as "inappropriately crediting evidence that supports administrative conclusions while disregarding differing evidence from the same source." *Artinian v. Berryhill*, No. 16-CV-4404, 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018). Cherry-picking can "indicate a serious misreading of evidence, failure to comply with the requirement that all evidence be taken into account, or both." *Id.* (quoting *Younes v. Colvin*, No. 14-CV-170, 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015)). As discussed above, the mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S.*, 2021 WL 2592363, at *4. If an ALJ's findings are reasonably

supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier*, 606 F.3d at 49.

Here, the ALJ's findings are reasonably supported by the record. *See Emery S.*, 2021 WL 2592363, at *4. The ALJ does acknowledge Plaintiff's chiropractic records. Tr. 16. The ALJ discusses how Plaintiff sought treatment at Erie County Chiropractic due to back pain radiating into her legs. *Id.* He discusses imaging from September 2021 and November 2021, along with Plaintiff's complaints to Dr. Joshua Meyers about lower back pain radiating into her right leg. *Id.* However, the ALJ also indicates that while Plaintiff's statements about the intensity, persistence, and limiting effects of symptoms were not entirely consistent with the medical record and other evidence in the record, *id.*, the record "reflect[ed] improvements in [Plaintiff's] alleged impairments," Tr. 17. Further, the ALJ explains that in October 2021, Plaintiff was assessed to have "a normal gait [and] full strength in her extremities." *Id.* Plaintiff also testified that she could walk up to thirty minutes at a time, drive, clean, dust, do dishes, and care for her children. Tr. 15. The ALJ additionally noted that the record indicated that Plaintiff's "strength was improving and she was able to walk without any assistive devices." Tr. 16. Based on this evidence, as well as more evidence that the Court need not summarize here, the Court concludes that the ALJ did not cherry-pick a handful of normal examinations and ignore the chiropractic records. Tr. 15-18. Rather, the ALJ acknowledged and resolved conflicts in the record to arrive at reasonable factual conclusions. As such, the ALJ's determination was supported by substantial evidence.

For these reasons, the Court concludes that there is no merit to Plaintiff's arguments that the ALJ did not properly consider the consistency factor in evaluating Dr. Nguyen's opinion and instead cherry-picked the record. Therefore, the Court concludes that remand is not warranted on this basis.

## CONCLUSION

For all the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 16) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: September 22, 2026
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York